**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| GUAVA, LLC ) | |
| ) | |
| ) | CASE NO. 1:12-cv-02512-DDD |
| Plaintiff, ) | |
| v. ) | **PLAINTIFF'S MOTION FOR** |
| ) | **RELIEF FROM JUDGMENT** |
| JOHN DOE, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## INTRODUCTION

On October 16, 2012, this Court ordered the dismissal of Plaintiff's case "due to improper venue." (ECF No. 5.) Plaintiff Guava LLC ("Plaintiff"), by and through its undersigned counsel, respectfully files this Motion for Relief from Judgment entered through the Court's Dismissal Order ("Dismissal Order"), pursuant to Federal Rule of Civil Procedure 60(b). For the reasons contained herein, this Court lacks the authority to dismiss Plaintiff's case *sua sponte* on the basis of improper venue. Further, this Court's improperly relied on information outside of the record in issuing its dismissal.

## ARGUMENT

## I.     *SUA SPONTE* DISMISSAL FOR IMPROPER VENUE IS IMPERMISSIBLE

This Court based its dismissal order on the fact that "venue is not proper in this district." (ECF No. 5 at 2.) The Court does not have the authority to dismiss Plaintiff's action, *sua sponte*, on such a basis. Under rule 12(h) of the Federal Rules of Civil Procedure, a party waives a defense of improper venue when it fails to either make it by motion under rule 12(h) or include it in a responsive pleading or in an amendment allowed under Rule 15(a). FRCP 12(h)(1). In the instant case, defendant is an unknown, Doe defendant, and thus could not have filed a responsive

pleading or made a motion pursuant to the rule. The 6th Circuit, in interpreting rule 12(h), asserted "while Rule 12(h)(3) preserves and recognizes the court's time-honored obligation, even *sua sponte*, to dismiss any action over which it has no subject-matter jurisdiction, the rule does not accord similar authority where the court's personal jurisdiction over a party has not been challenged." *Rauch v. Day & Night Mfg. Corp.,* 575 F.2d 697 (6th Cir. 1978). Other circuits have held similarly. (*See*, e.g., *Sinwell v. Shapp,* 536 F.2d 15, 19 (3rd Cir. 1976) ("28 U.S.C. § 1915 contains no express authorization for a dismissal for lack of venue. In the absence of any such statutory authority, it is inappropriate for the trial court to dispose of the case *sua sponte* on an objection to the complaint which would be waived if not raised by the defendant(s) in a timely manner."); *Williams v. Life Sav. And Loan,* 802 F.2d 1200, 1202 (10th Cir. 1986) ("[A court] may never dismiss a case on its own motion for improper venue. We hold that a district court may not inquire into its personal jurisdiction and dismiss a case *sua sponte* except when entering a default judgment."); *Concession Consultants, Inc. v. Mirisch,* 355 F.2d 369 (2nd Circuit 1966); *Gomez v. USAA Federal Savings,* 171 F.3d 794 (2nd Cir. 1999).) The Doe defendant has obviously not challenged this Court's personal jurisdiction. The issue of whether venue is improper with respect to the Doe defendant is thus one that is properly resolved when the subscriber of the IP address has been identified via discovery; if named, the subscriber is then free to challenge venue if he so chooses, though he may also waive such a defense. In addition, though both this Court and Plaintiff agree that the Doe defendant will be found in Ohio, the precise address of the Doe defendant will simply not be known until Plaintiff is able to take discovery from the Doe's Internet Service Provider and learn the identity and exact location of the Doe. The time is thus not yet ripe for a determination to be made on whether venue is proper.

///

## II.  THE COURT BASED ITS DECISION ON IMPROPER RESEARCH

Even if it were proper for the Court to dismiss Plaintiff's case *sua sponte* for improper venue, the manner in which the Court determined that venue does not lie was itself improper. According to its Order Dismissing Plaintiff's Complaint, "Using publicly available services to look up the location affiliated with the IP address that plaintiff alleges defendant used to hack into its protected computer systems, the Court determined that IP address 65.60.170.220 is located in Reynoldsburg, Ohio. Reynoldsburg Ohio is located within the United States District Court for the Southern District of Ohio." (ECF No. 5 at 2.) Thus, the Court engaged in its own research to contradict Plaintiff's allegation that Defendant shall be found in the Northern District of Ohio. This is clearly improper. *Why* this is improper becomes more apparent when analogizing to a more common situation. Let us imagine, for a moment, that Plaintiff had sued a named Defendant in this case, and had alleged that Defendant resides in the Northern District of Ohio. The Court would certainly not conduct an investigation on its own initiative to challenge Plaintiff's assertion. That would be a poor use of judicial resources, and would improperly assert control over an issue that is virtually always litigated by the parties. The issue has, of course, not yet been litigated by the parties; as such, Plaintiff's choice of venue is, at this time, entitled to judicial deference. The precedent established by the Supreme Court of the United States, and the well-settled law of the 6th circuit and its sister circuits, asserts that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *See*, e.g., *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Reese v. Cnh America LLC,* 574 F. 3d 315, 321 (6th Cir. 2009); *Moeckel v. Caremark RX Inc.,* 385 F. Supp 2d 668, 686 (M.D. Tenn. 2005); *Norex Petroleum Ltd. v. Access Industries,* 416 F. 3d 146 (2nd Cir. 2005); *Stewart v. Dow Chemical Co.,* 865 F.2d 103,104 (6th Cir. 1989); (many other instances

across the nation.) In the present case, the Defendant is unknown; as such, it would be impossible to assert that "the balance is strongly in favor of the Defendant", especially since Plaintiff and the Court agree that Defendant will be found in Ohio. Deference must thus be given to Plaintiff's choice of forum. Whether the Northern District of Ohio is the proper venue for this case is an issue that is properly litigated by the parties, rather than one that is independently researched and ruled upon by the Court through a *sua sponte* dismissal.

## CONCLUSION

For the reasons contained herein, Plaintiff respectfully requests that this Court overturn its Order dismissing Plaintiff's case.

Respectfully submitted,

Guava LLC

DATED: November 7, 2012

By:  /s/ Rod Mastandrea

Rod Mastandrea
Bar No. 0084800
Mastandrea Law
P.O. Box 18410
Cleveland Heights, OH 44118
(415) 325-5900
E-mail:  rod.mastandrea.law@gmail.com
*Attorney for Plaintiff*