DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GUAVA, LLC, | ) CASE NO. 1:12 CV 02512 |
| Plaintiff, | ) |
| | ) MEMORANDUM OPINION |
| v. | ) |
| JOHN DOE, | ) |
| Defendant. | ) |

## BACKGROUND

Plaintiff, Guava, LLC, is a limited liability company that operates protected computer systems accessible throughout Ohio. Defendant, John Doe, is known only by an Internet Protocol (IP) address of 65.60.170.220. (ECF 1, Par. 3 and Exhibit A). The four count Complaint alleges that Defendant and other "co-conspirators" hacked into Plaintiff's computer systems and misappropriated the content[1] without authorization, thereby violating various state and federal laws.

According to the Complaint, the Court has subject matter jurisdiction pursuant to The Federal Computer Fraud and Abuse Act (CFAA), 18 U.S.C. §1030 *et seq*., and 28 U.S.C. § 1331. The Complaint alleges that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b) because Defendant either resides in the Northern District of Ohio (District), or

---

[1] The Complaint does not state that its computer systems host pornographic material. However, Plaintiff's counsel informed the Court's law clerk of the nature of the content found on Plaintiff's computer systems.

(1:12 CV 02512)

a substantial part of the events giving rise to this action occurred in the District. (ECF 1, Par. 4-6). With respect to venue, the Complaint alleges that Plaintiff "used geolocation technology to trace the IP address of Defendant to a point of origin within the State of Ohio."

Ohio has two federal districts - the Southern and Northern District. After alleging that the offending IP address is located "within the State of Ohio," the Complaint makes the conclusory statement that venue is proper in the Northern District without alleging any basis for that conclusion.

In the absence of a basis in the Complaint to support Plaintiff's assertion that venue was proper in the Northern District, the Court reviewed publicly available services, which are also available to Plaintiff, to identify the location of the allegedly offending IP address. According to publicly available websites which disclose the physical locations of IP addresses, the IP address at issue is located in Reynoldsburg, Ohio. Reynoldsburg, Ohio is located within the United States District Court for the Southern District of Ohio. The Court dismissed this case, without prejudice to Plaintiff, for improper venue. (ECF 5).

Plaintiff then filed a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b), requesting that the Court vacate its judgment dismissing this case without prejudice due to improper venue. Plaintiff cites Sixth Circuit authority in support of its motion, arguing that "*sua sponte* dismissal for improper venue is impermissible." (ECF 6).

Plaintiff is mistaken. In certain circumstances, district courts have discretion to dismiss an action *sua sponte* for improper venue. Those circumstances are present in this case. For the reasons that follow, Plaintiff's Motion for Relief from Judgment is DENIED.

2

(1:12 CV 02512)

## APPLICABLE LAW

Venue in a civil case is determined by 28 U.S.C. § 1391(b). This statute aims to place suits in the judicial district (not the state) most connected to the parties or the events giving rise to the action.

The venue statute provides that:

a civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*See Price v. PBG Hourly Pension Plan*, ---F. Supp.2d---, 2013 WL 450932 at *4 (E.D. Mich. 2013, Feb. 6, 2013).

According to 28 U.S.C. § 1406(a):

(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

The decision to dismiss or transfer an action under 28 U.S.C. § 1406(a) lies with the sound discretion of the Court. *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998). Although courts generally refrain from *sua sponte* dismissal for improper venue, such dismissal is properly within the court's discretion in certain circumstances. *Johnson v. Christopher*, 233 Fed. Appx. 852, 853-54 (10th Cir. 2007) (affirming district court's *sua sponte* dismissal without prejudice pursuant to § 1406(a) when proper venue is located in the Northern

3

(1:12 CV 02512)

District of Oklahoma and case is filed in the Eastern District of Oklahoma in lieu of transferring action to the Northern District); *Davis v. Reagan*, 872 F.2d 1025 (Table), 1989 WL 40200 at *1 (6th Cir. 1989) (affirming *sua sponte* pre-service dismissal on grounds of improper venue when case filed in Tennessee and proper venue in the Western District of Pennsylvania); *Day v. City of Galveston*, 480 Fed. Appx. 119, 121 (3d Cir. 2012) (*sua sponte* dismissal for improper venue harmless error when there is no conceivable basis for venue in the Eastern District of Pennsylvania and there is no indication that transferring instead of dismissing might be in the interests of justice); *Nation of Islam v. Pennsylvania Department of Corrections*, 2012 WL 529546 at *2 (report and recommendation that case be *sua sponte* transferred from Western District of Pennsylvania to Middle District of Pennsylvania on grounds of improper venue (citing *Davis v. Reagan*, 872 F.2d 1025 (Table) (6th Cir. 1989)) (report and recommendation adopted 2012 WL 529238 (W.D. Pa.)).

     As reflected by the cases cited above, such *sua sponte* dismissals occur even in actions brought by *pro se* plaintiffs, who normally receive the benefit of liberal pleading construction. *See Johnson v. Christopher*, 233 Fed. Appx. at 853 ("Construing his *pro se* filings liberally, as we are constrained to do [citation omitted] we understand that [plaintiff] is challenging the district court's dismissal of his suit in lieu of transferring it to the Northern District of Oklahoma."); *Cloke v. United Broth. of Carpenters and Joiners of America*, 2013 WL 594462 at *6 (S.D. Ohio) ("It is well-settled that a document filed pro se is 'to be liberally construed,' and that a pro se complaint, 'however inartfully pleaded, must be held to less stringent standards than formal pleading drafted by lawyers . . .'" (citations omitted)).  In this case, Plaintiff is not *pro se*,

4

(1:12 CV 02512)

but represented by counsel who prepared and filed the Complaint as well as the Motion for Relief from Judgment presently before the Court.

## ANALYSIS

The only information provided by Plaintiff in the Complaint regarding the location of Defendant and the alleged hacking activities is an IP address located "within the State of Ohio." That statement begs the question of which of the two federal districts in Ohio is the proper venue under the statute. Plaintiff's Complaint provides no factual basis for the conclusory allegation that venue is proper in the Northern District.[2]

*Prejudice to defendant outweighs prejudice to plaintiff*

According to the Complaint, Plaintiff used geolocation technology to trace the IP address of the Defendant to a point of origin within the State of Ohio. (ECF 1, Par. 5). With this

---

[2] The Federal Rules of Civil Procedure impose certain requirements upon an attorney regarding an attorney's representations to the court. Fed. R. Civ. P. 11(b) states:

"By presenting to the court a pleading, written motion, or other paper - whether by signing, filing, submitting, or later advocating it - an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."

The Court cites to Fed. R. Civ. P. 11(b) to note that attorneys have an affirmative duty to make a reasonable inquiry into the facts and law when making representations to the court. The Court is not considering possible sanctions.

5

(1:12 CV 02512)

information, Plaintiff could ascertain, based on publicly available information, that this IP address is located within the Southern District of Ohio.

The statutorily specified venue provision of §1391(b) protects defendants from the risk that a plaintiff will select an unfair or inconvenient forum. *Leroy v. Great Western United Corp*. 443 U.S. 173, 183-184 (1979) (superseded by statute on other grounds). The allegations in this case are serious and the nature of the allegedly hacked material could be harmful to Defendant's personal and professional reputation.

If this case remains in the Northern District of Ohio, where Plaintiff has advanced no apparent basis for venue, Defendant would be required to travel a substantial distance for an extended period of time to answer Plaintiff's allegations. Securing counsel to represent him in a distant venue will be more challenging for Defendant than securing counsel locally. The obstacles and challenges that result from suit in a distant venue prejudice Defendant's ability to defend himself against such serious allegations.  Continuing this action in an improper venue subjects the Defendant to unnecessary prejudice and does not maximize the efficient use of judicial resources.

Further, Plaintiff has not indicated to the Court in its motion for relief from judgment that Plaintiff would experience any prejudice if Plaintiff pursued this action in the Southern, rather than Northern, District of Ohio.  The Order of Dismissal clearly reflects that the Court's *sua sponte* dismissal is **without prejudice**, and Plaintiff is free to pursue its claims in the Southern District.  The Complaint does not indicate a time-frame in which the alleged hacking of Plaintiff's website occurred.  However, Plaintiff has not indicated that its action would be time-

6

(1:12 CV 02512)

barred, or Plaintiff would otherwise experience prejudice, by pursuing its claims in the Southern District of Ohio.

*Plaintiff advanced no basis to support venue in the Northern District*

The IP address location for Defendant John was readily identified in Reynoldsburg, Ohio on publicly available websites. Plaintiff was informed of the Court's basis for *sua sponte* dismissal for improper venue in the Court's Order of Dismissal. In the Motion for Relief from Judgment, Plaintiff had the opportunity to point out the basis for venue in the Northern District of Ohio and/or dispute that the IP address at issue is within the Southern District.

Plaintiff did neither. In the pending motion for relief from judgment, Plaintiff did not dispute that Defendant's IP address is located in the Southern District, offer any basis to support venue in the Northern District beyond the conclusory statements regarding venue in the Complaint, or otherwise challenge the Court's conclusion that the proper venue for this action is in the Southern District of Ohio. *Davis v. Reagan*, 872 F.2d 1025 (Table), 1989 WL 40200 at *1 (6th Cir. 1989) ("Although the district court judge should have given [plaintiffs] notice that he was considering [*sua sponte*] dismissing the case for improper venue, appellants had an opportunity to point out any basis for venue in their motion for reconsideration."); *Day v. City of Galveston*, 480 Fed. Appx. at 121 ("Day was on notice of the District Court's basis for dismissing his complaint when he appealed, but he has not filed anything challenging the District Court's conclusion that venue was improper or made any attempt to show otherwise. [internal

7

(1:12 CV 02512)

citations and quotations omitted] Thus, there is no basis to question the substance of the District Court's ruling.").

*The interests of justice do not favor transfer to the Southern District over dismissal*

In addition to providing for dismissal of a case for improper venue, 28 U.S.C. § 1406(a) also provides a district court with discretion to transfer a case to a district in which the case could have been brought "in the interest of justice." In the Motion for Relief from Judgment, Plaintiff did not seek transfer of this case to the Southern District of Ohio. Second, Plaintiff has given no indication that if required to bring this case in the Southern District of Ohio, Plaintiff's action would be barred by a statute of limitations or that Plaintiff would be otherwise prejudiced by prosecuting its claims in the Southern District.

Although Plaintiff had an opportunity to do so, Plaintiff has given the Court no reason why an injustice will result from dismissal without prejudice. *Johnson v. Christopher,* 233 Fed. Appx. at 854 ("In the facts and circumstances of this case, we discern no [abuse of discretion] given that the suit was filed in such an obviously improper venue . . . [and plaintiff] offers us no reason to believe that an injustice will result from the dismissal as opposed to a transfer by, say, operation of a statute of limitations upon his claims."). Accordingly, the Court concludes that there is no indication that a transfer of this matter, rather than dismissal, may be in the interests of justice.

(1:12 CV 02512)

*Abuse of the judicial system*

In some cases, abuse of the judicial system with repetitive lawsuits has been a consideration with respect to the exercise of a court's discretion to *sua sponte* dismiss a case for improper venue. *See Davis v. Reagan*, 872 F.2d 1025 (Table), 1989 WL 40200 at *1 ("Furthermore, [plaintiffs] state in their complaint that they have brought several similar actions in various districts, and they are abusing the judicial system by bringing repetitive suits. If they have any legitimate claims, the federal courts in Pennsylvania can surely provide a remedy.").

The Court notes that Plaintiff has filed similar complaints against John Does in jurisdictions across the country, including California, Massachusetts, Connecticut, Illinois, New York, Minnesota, Pennsylvania, Alabama, Arizona, Georgia, Ohio, Michigan, and the District of Columbia.[3] While Plaintiff has acquired a reputation with certain members of the legal community for abusing the judicial process,[4] there is no evidence before this Court of any such abuse. Accordingly, Plaintiff's various lawsuits across the country are not a consideration or factor in the Court's analysis of Plaintiff's Motion for Relief from Judgment.

---

[3] *See* http://dockets.justia.com

[4] *See* http://pietzlawfirm.com/copyright/guava-llc/

(1:12 CV 02512)

The Court is cognizant that improper venue is an affirmative defense that may be waived. The Court further recognizes that its discretion in dismissing a case *sua sponte* for improper venue is limited. However, there are numerous examples of circumstance in which courts across multiple jurisdictions have determined that *sua sponte* dismissal for improper venue is appropriate.

The Court has considered multiple factors relative to the *sua sponte* dismissal of this case and Plaintiff's Motion for Relief from Judgment. Those factors include: 1) the relative risk of prejudice to Plaintiff and Defendant, 2) Plaintiff's failure to dispute the Court's conclusion that the offending IP address is located within the Southern District or to advance a basis to support the conclusory statement in the Complaint that venue is proper in the Northern District, even though Plaintiff had an opportunity to do so in the Motion for Relief from Judgment, and 3) the fact that Plaintiff did not request a transfer and the absence of any indication that it is in the interest of justice to transfer, rather than dismiss, this action for improper venue.

Upon consideration of all these factors and the narrow circumstances of this case, the Court concludes that the balance weighs strongly in favor of dismissal for improper venue. Therefore, the Court exercises its discretion to dismiss Plaintiff's action for improper venue, and Plaintiff's Motion for Relief from Judgment is DENIED.

(1:12 CV 02512)

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Relief from Judgment is DENIED. The Court's earlier dismissal for improper venue **without prejudice** remains in effect. This dismissal is not an adjudication on the merits, and Plaintiff may pursue its claims in the Southern District of Ohio.

IT IS SO ORDERED.

| | |
|---|---|
| March 11, 2013 | *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |